BARNARD, P. J., and DYKMAN, J., concurred.

Order modified by allowing an oral cross-examination.

---

EMMA L. DOREMUS, APPELLANT, *v.* ABRAHAM LOTT AND GEORGE NOSTRAND, EXECUTORS, ETC., OF ADRIENNE LOTT, DECEASED, RESPONDENTS.

*What facts show that a person living with a family is not regarded as a member thereof, and entitle such person to recover for her services.*

Where a child, living with one who is not a relative, is not permitted to attend school, and receives no education whatever, although there is a free school in the immediate neighborhood, but is required to work continuously as a servant, and after arriving at a certain age is not provided with clothing but is left to purchase her own clothing, although she eats at the same table and joins in conversation with the family, she will not be held to be within the rule that where one lives with another as a member of the family, to be provided for and brought up as such member, no recovery can be had for her services, as such facts tend to show that such person is not regarded as a member of the family, but rather as a favored servant.

APPEAL by the plaintiff from a judgment in favor of the defendants entered in Kings county, by order of the court upon the report of a referee appointed pursuant to the statute to determine a claim made by the plaintiff against the defendants as executors of the will of Adrienne Lott, deceased.

The action was brought to recover an alleged balance claimed to be due for services rendered by plaintiff to the testatrix as a servant, housekeeper and nurse, during the last thirteen years of the testatrix's life.

*A. B. Carrington,* for the appellant.

*John H. Kemble,* for the respondents.

PRATT, J. :

It seems to me this case falls within the exception to the rule. that where one lives with another as a member of the family, to be. provided for and brought up as such member, for services rendered while in this relation, no recovery can be had.

The plaintiff was not a relative of the deceased, and the proof shows that she was not treated as if she had been a daughter of the testatrix. It may well be that for several years the board and cloth-ing of the plaintiff was an equivalent for her services, but this. cannot be said of the latter years of her service. The fact that the. plaintiff ate at the same table and joined in conversation is not con-clusive that she was treated as a member of the family, especially in view of the fact that she was not permitted to attend school, but. was required to work continuously as a servant. The testatrix refused to send the plaintiff to school, giving as a reason that she desired her to work; this indicates that she did not receive her into the family to be treated as a member thereof. The plaintiff received no education whatever, although there was a free school in the immediate neighborhood.

The evidence was sufficient to warrant the inference that plaintiff was to be remunerated for her services. The testatrix stated to a third party, in 1872, that she had, up to that time, clothed the plaintiff, but now she could buy her own clothes. Such a statement indicated that some arrangement had been made by which the plaintiff was to receive wages. The fact that the testatrix desired to change her will and give plaintiff a legacy shows that either she thought the plaintiff had not been paid or that she deserved a gratuity for kind and faithful services. The inference can be fairly drawn from all the testimony, that in a legal sense the plaintiff was never regarded as a member of the family, but rather as a favored servant. In any event, we fail to see, under all the circumstances, why she should not have been allowed for services after she arrived at full age. (*Shirley* v. *Vail*, 38 How. Pr., 413, 414.)

Judgment reversed and new trial ordered.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order confirming report of referee reversed and new trial granted, reference vacated, costs to abide the event.